**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**WESTERN DIVISION AT CINCINNATI**

STONEY BROWN,

Petitioner, : Case No. 1:26-cv-00835

- vs - District Judge Matthew W. McFarland
Magistrate Judge Michael R. Merz

ANGELA STUFF, WARDEN,
Richland Correctional Institution,

:
Respondent.

# DECISION AND ORDER

This habeas corpus action under 28 U.S.C. § 2254 is before the Court on Petitioner's Motion objecting to the transfer of this case from the Northern District of Ohio (ECF No. 9).

Petitioner is imprisoned at the Richland Correctional Institution in Mansfield, Ohio (Petition, ECF No. 1, PageID 1), so it was proper for him to file in the Northern District. 28 U.S.C. § 2241(d). However, the same statute provides that venue would be proper in the District where the Petitioner was convicted, The Petition shows Brown was convicted in Hamilton County which lies within the territory of the Southern District. The same statute provides the District of filing may in the exercise of its discretion transfer that case to another District where venue is proper. District Judge J. Philip Calabrese of the Northern District of Ohio, to whom this case was originally assigned, transferred the case to this Court on August 17, 2026, within a week of its filing (ECF No. 4). The statute leaves the question of transfer entirely within the discretion of the transferor court, without any input from the Petitioner, the Respondent, or the transferee court. Because the

transfer here was completely lawful, Petitioner's objection is overruled.

In the body of the Motion, Petitioner requests the recusal of Judges McFarland and Merz, but he makes no factual allegations under either 28 U.S.C.§ 144 or 455 which would warrant recusal. In fact since the case was assigned to them, Judge McFarland has not acted and Magistrate Judge Merz has found the Petition has possible merit and has ordered an answer (ECF No. 6). The request for recusal is denied as to both judges.

Petitioner is cautioned that the invective which appears throughout his Motion is completely inappropriate in filings in federal court. Repeated filings which consist largely of name-calling are liable to sanction under Fed.R.Civ.P. 11.

September 9, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge