# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION AT CINCINNATI

STONEY BROWN,

Petitioner, : Case No. 1:26-cv-00835

- vs -

District Judge Matthew W. McFarland
Magistrate Judge Michael R. Merz

ANGELA STUFF, WARDEN,
Richland Correctional Institution,

:

Respondent.

---

## REPORT AND RECOMMENDATIONS

---

This habeas corpus action under 28 U.S.C. § 2254 was brought *pro se* by Petitioner Stoney Brown to obtain relief from his conviction in the Hamilton County Court of Common Pleas and consequent incarceration in Respondent's custody (Petition, ECF No. 1). It is ripe for a report and recommendations on the Petition, the State Court Record (ECF No. 18), the Return of Writ (ECF No. 20), and Petitioner's Traverse (ECF No. 23).

### Litigation History

On June 13, 2008, the Hamilton County grand jury returned an indictment charging John Doe No. I an "unknown male with matching deoxyribonucleic acid (DNA) profile at genetic locations D8S1179 (12, 13 ), D21S11 (28,29), D7S820 (8,11), CSF1PO (12,14), D351358 (14,17), TH01 (6,7), Dl3S317 (8,8), D16S539 (12,12), vWA (17,19), TPOX (8,11), Dl8S51 (11,19),

D5S818 (10,12), FGA (20,22)" with eleven counts of rape in violation of Ohio Revised Code § 2907.02(A)(2); four counts of kidnapping in violation of Ohio Revised Code § 2905.01(A)(4); and four counts of aggravated burglary in violation of Ohio Revised Code § 2911.11(A)(1). One of the kidnapping charges, Count 18, carried a sexual motivation specification. (Indictment, State Court Record, ECF No. 18, Ex. 1). On May 19, 2020, having identified the person with that DNA profile as Brown, the State moved successfully to amend the Indictment to add Petitioner's name. *Id.* at Exs. 2, 3.

On October 5, 2021, Brown pleaded guilty to four counts of rape in return for dismissal of the remaining charges. *Id.* at Ex. 16. Brown was sentenced to an aggregate of twenty-three years. *Id.* at Ex. 17.

On May 14, 2026, Brown moved for a delayed appeal in the Ohio First District Court of Appeals which that court denied. *Id.* at Exs. 20, 23. The Ohio Supreme Court declined jurisdiction over a further appeal. *Id.* at Ex. 27. Brown filed a Petition to Vacate under Ohio Revised Code § 2953.21 which remained pending when the State Court Record was filed. *Id.* at Ex. 28.

Brown filed his Petition in this case on July 10, 2026, by placing it in the prison mailing system on that date. He pleads the following Grounds for Relief:

> **Ground One:** [Barter], With Intent To Legally-Wrong-For-Harm; Thereby-Illegal Acts And/or Actions; Against Defendant, Stoney Brown. [sic throughout]
>
> **Supporting Facts:** Defense Attorney, Michael K. Allen; And Also Prosecutor, Michael K. Allen; One in the Same; > Did so Contrive; Commit; And Executed; > [Barter], "ab-initio"; For His Own Personal Gain(s). And Hence, The Personal Gain(s) Were Abundant, "ab-initio", As This And These Gain-ed Things Shall Be Exposed And Disclosed Forth-with.
>
> **Ground Two:** Michael K. Allen; Commits Fraud(s); Frauds in the

Inducement(s); Criminal Fraud(s); Actual Fraud; inter-alia.

**Supporting Facts:** Prosecutor, Michael K. Allen; Who Pretended To Be A Mere-Criminal-Defence- Attorney A.K.A. > Michael K. Allen; Therefore, Defendant, Stoney Brown; Pursuant to Case No. B-080-4234. He Convinced And Advised This Defendant's Sister's; > Powers-of-Attorney; And This Defendant, Stoney Brown, into Paying The "Lum-Sum" of $30,000 Thousand Dollars For Legal-Representation(s), Therein Case No. B-080-4234. And Another Lum-Sum of $15,000 Dollar's, for D.N.A., Testing(s).

**Ground Three:** Defense Attorney/Prosecutor, Michael K. Allen; Did So Commit, [Bribery] Acts And Actions, Thereof; inter-alia. [sic throughout]

**Supporting Facts:** Bribery; As Defined; > "The Crime of Voluntarily Offering or Receiving a thing of Value With Corrupt-Intent to Influence a public official or Anyone Connected With Discharge of public duties, i.e., jurors, witnesses, and candidates for public office, as well as police officers and elected-officials. Pursuant To "Any-one"; this includes A Defendant; And A Defendant And his Sister's Inter-alia.

**Ground Four:** Michael K. Allen, Committed Malice And Malicious Acts; Malicious-ness; A Malice-Aforethought(s), inter alia.

**Supporting Facts:** To wit, Extremely Reckless indifference to the Value Of Human Life. And the Deliberate intent to commit an injury, as Evidenced by external circumstances. And the intent, without justification(s) or excuse(s), to Commit a Wrongful Acts. And A Intentional, Wrongful Act Done Willfully Against Another, without Legal-Justifications. And the institution of Criminal or Civil, Improper purpose(s) Against-Brown. [sic throughout]

**Ground Five:** Conspiracy; was Committed By All Judicial-Partys Thereof And Therewithin Case No. #B-080-4234; And Therein Related Case No. #A-200-3751. To Wit Ground Five Shall Support; > All Ground(s); And All Grounds Shall Support Ground Five.

**Supporting Facts:** None.

**Ground Six:** Negligence; Thereof, Michael k. Allen Prosecutor, Pretending To Be A Criminal Defense Attorney After He Was Paid In Full. Ground Six Shall Support; > All Ground(s); And All Grounds Shall Support Ground Six.

**Supporting Facts:** None.

**Ground Seven:** {Pursuant To Case; B-080-4234; A-200-3751} Jurisdiction(s) Violation(s); pursuant to Conviction(s) And Sentencing(s) of Twenty-year Old Cold-Case(s) And There Alleged-Jurisdiction(s) of Alleged Crime – Scene's; Pursuant to Alleged Cold -Case-Victim(s); > K.M.; C.B.; A.F.; And D.D.; and there Police-Report Citys; And There County(s). [Please Note Alleged Civil-Law-Suite-Victim(s); > K.L.; E.T.; A.L.; and C.F.; Were Never Presented-Nor-Disclose As Being > Cold-Case And/or Current Alleged Victims.

**Supporting Facts:** None.

**Ground Eight:** Inadmissible-Evidence, Used Therein Case No. B-080-4234; - And- Case No. A-200-3751.

**Supporting Facts:** None.

**Ground Nine:** Brady Law Violation(s); Committed There- Within; Case No. B-080-4234; -And- Case No. A-200-3751; By The States Prosecution; And Common Pleas Courts.

**Supporting Facts:** None.

**Ground Ten:** Negligence; Of And By The State's Prosecution(s); Therewithin; Case N. B-050-4234; -And- Case No. A-200-3751.

**Supporting Facts:** None.

**Ground Eleven:** Negligence; Of The Common Pleas Court(s) Judge(s) of Hamilton County; Therewithin; Case N. B-050-4234; -And- Case No. A-200-3751.

**Supporting Facts:** None.

**Ground Twelve:** Fraud In the Court(s); Pursuant To Case No. B-080-4234; -And- Case No. A-200-3751;.

**Supporting Facts:** None.

**Ground Thirteen:** Illegal-Destruction, Thereof The Only, Thereabout Twenty-Year Old D.N.A., Evidence That Would Have Proven Defendant, Stoney Brown Innocent. To Wit, This Alleged Cold-Case-Garment of With Alleged D.N.A., Was Reported As Being Completely Cover In "Black-Mold" – And "Green-Mold";

> And Then Was Caught on [Fire], A Found To Be Completely-Burned. [But Sepeciously The States Prosecution And Common Pleas Court,[Assumed] And Then; [Asserted] that- there Courts Had Comepleted A D.N.A., Testing Of The Garment A Day-Before it was Found-Burned]. [How "convenient," For This State-Prosecution in Case > B.080-4234.
>
> **Supporting Facts:** None.
>
> **Ground Fourteen:** >Estoppel-Entrapment(s); And Estoppel-Misrepresentation(s) Of Alleged Cold Case Evidence; Victims Statements; Investigative Reports; inter-alia.
>
> **Supporting Facts:** None.
>
> **Ground Fifteen:** These Conspiring- Conspirator(s) [Afore Said], And Exposed; > Therewithin Case No. -B-080-4234; -And- Case No. A200-3751; All Participated And Committed The Following(s);
> **1.)** Tort. Damage(s).
> **2.)** Constitutional Tort(s).
> **3.)** Dignitary Tort(s).
> **4.)** Environment Tort(s); (Hence > Prison Confinements).
> **5.)** Government Tort(s).
> **6.)** Intentional Torts.
> **7.)** Negligent Torts.
> **8.)** Personal Torts.
> **9.)** Property Torts.
> **10.)** Toxic Torts; Pursuant A.I.D's; H.I.V.; Hepatitis; Inter-alia, from Other Prisoner's In A Prison; of Which Stoney Brown, Should Have Never Been Indicted Jailed, And/or Imprison-ed-; > Because He Was Wrongfully-Convicted – An- Wrongfully- Sentenced-; And Endured For Several Year(s).
> **11.)** Civil; State; And Federal; > Tort-Claims Acts.
> **12.)** Torture-Torts. To Wit, Shall Aid in The Assessment(s) of Wrongful-ness.
>
> **Supporting Facts:** None.

Petition, ECF No. 1.

## Analysis

Respondent asserts the Petition is barred by the statute of limitations. Codified at 28 U.S.C. § 2244(d), that statute provides:

> (1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of —
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.
>
> (3)

Respondent argues "Because Brown failed to pursue a timely appellate review from the Ohio First District Court of Appeals, his conviction became final on November 4, 2021—the expiration of the thirty-day time period for him to file an appeal to the First District Ohio Appellate Court regarding the trial court's October 5, 2021, judgment convicting Brown." (Return, ECF No. 20, PageID 290-91).

Brown's Traverse makes no response whatsoever to the statute of limitations defense. The only mention of a statute of limitations is in Brown's argument that his own prosecution was barred by the statute of limitations for rape prosecutions in Ohio which does not speak at all to the limitations on filing federal habeas corpus. Under 28 U.S.C. § 2244, Brown's conviction became final on November 4, 2021, the last day on which he could have taken an appeal of right to the First District Court of Appeals. He never attempted to appeal to that court until May 14, 2026, well over four years later. He has offered no support for a finding of equitable tolling and no new evidence of actual innocence.

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Petition be dismissed with prejudice as time-barred. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Petitioner be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

November 4, 2026.

s/ *Michael R. Merz*
United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #